IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRINITY HEALTH-MICHIGAN, )
d/b/a SAINT MARY'S MERCY MEDICAL )
CENTER )
200 Jefferson St., SE )
Grand Rapids, Michigan, 49503 )
)
)
)
            Plaintiff )
)
  v. )
)
MICHAEL O. LEAVITT, )
Secretary of the United States )
Department of Health and Human Services, )
Room 700-E )
200 Independence Avenue, S.W. )
Washington, D.C. 20201 )
)
           Defendant. )

**COMPLAINT FOR JUDICIAL REVIEW
OF MEDICARE REIMBURSEMENT DISPUTE**

      The Plaintiff, Trinity Health-Michigan, d/b/a Saint Mary's Mercy Medical Center, by counsel, for its complaint against Defendant, Michael O. Leavitt, Secretary of the Department of Health and Human Services, alleges and states the following:

**THE PARTIES AND RELEVANT AGENCIES**

      1.    Plaintiff, Trinity Health-Michigan, is a not-for-profit organization that includes as an operating department an acute care hospital doing business as Saint Mary's Mercy Medical Center in Grand Rapids, Michigan ("Hospital" or "Provider"). The services rendered by the Hospital are certified under the Medicare program, and at all relevant times, the Hospital has

been a provider under Title XVIII of the Social Security Act, 42 U.S.C. 1395 *et seq.*, ("Medicare Act"), acting under Provider No. 23-0059.

2. The Defendant, Michael O. Leavitt, is Secretary of the United States Department of Health and Human Services ("Secretary"), which is the governmental agency responsible for the Medicare program.

3. The Centers for Medicare and Medicaid Services (CMS) administers the Medicare program by delegation from, and as agent of, the Secretary.

4. The fiscal intermediary is an organization that administers the Medicare program in a given area under contract with CMS pursuant to 42 U.S.C. § 1395h. For the time period of the hospital cost reporting periods at issue, the fiscal intermediary for the Provider in this case was United Government Services, LLC (the "Intermediary"). The Intermediary is responsible for auditing annual Medicare cost reports.

5. The Provider Reimbursement Review Board ("PRRB") is an agency of the United States Department of Health and Human Services and acts as an administrative hearing body on Medicare reimbursement disputes between providers of Medicare services and Medicare fiscal intermediaries pursuant to 42 U.S.C. § 1395oo.

## JURISDICTION AND VENUE

6. This action arises out of a Medicare reimbursement dispute between the Plaintiff and the Intermediary and CMS. The jurisdiction of this Court is founded upon 42 U.S.C. § 1395oo(f)(1); 28 U.S.C. § 1331, and 28 U.S.C. § 1361.

7. Venue lies in the United States District Court for the District of Columbia pursuant to 42 U.S.C. § 1395oo(f)(1).

## THE DISPROPORTIONATE SHARE HOSPITAL PROGRAM

8.  Congress has mandated that CMS pay hospitals on a prospective basis for inpatient services provided to Medicare beneficiaries. *See generally* 42 U.S.C. § 1395ww(d). Under this prospective payment system, hospitals are reimbursed for inpatient services based on the discharge diagnosis of the patient as coded into Diagnostic Related Groups (DRGs) established by CMS under the Medicare program.

9.  Congress has also mandated an adjustment in prospective payments for hospitals that serve a disproportionate number of low income patients. 42 U.S.C. § 1395ww(d)(5)(F). This program is commonly called the "Disproportionate Share Hospital" (or "DSH") program. The overriding intent of Congress in establishing the DSH program was to supplement the prospective payments of hospitals serving low-income persons." *Alhambra Hospital v. Thompson*, 259 F.3d 1071, 1075-1076 (9th Cir. 2001) (quoting *Legacy Emmanuel Hosp. & Health Ctr. v. Shalala*, 97 F.3d. 1261, 1265 (9th Cir. 1996) (quoting *Jewish Hosp., Inc. v. Secretary of Health & Human Servs.*, 19 F.3d 270, 272 (6th Cir. 1994)

10. This court has long recognized that the Defendant has failed to implement the DSH program as mandated by Congress. In fact, in response to the Defendant's steadfast refusal to implement the DSH program this court used its mandamus power to order the Defendant to do so. *Samaritan Health Ctr. v. Heckler*, 636 F. Supp. 503, (D.D.C. 1985). The Defendant's resistance to complying with the Congressional mandate and order of this Court subsequently led this Court to strongly consider a contempt finding against the Defendant. *See Samaritan Health Ctr. v. Bowen*, 646 F. Supp. 343, 345 – 347. (D.D.C. 1986).

11. Court recognition of the Secretary's hostility to the DSH program continued as a series of Circuit Court decisions repudiated the Defendant's refusal to count "Medicaid eligible

days" as mandated by 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II). *See Jewish Hosp., Inc. v. Secretary of Health & Human Servs.*, 19 F.3d 270, 276 (6th Cir. 1994) (noting "credible and compelling" evidence that the Defendant was "hostile to the concept of the disproportionate share adjustment" and suggesting that the Secretary "apparently intended to impede the implementation of the PPS framework); *Cabell Huntington Hosp. v. Shalala*, 101 F.3d. 984, 990 (4th Cir. 1996) (condemning the Defendant's approach as an attempt to "rewrite the will of Congress" and accusing the agency of being "hostile from the start to the very idea of making the [DSH] payments at issue"); *Deaconess Health Serv. Corp. v. Shalala*, 83 F.3d 1041 (8th Cir. 1996). *Legacy Emmanuel Hosp. & Health Ctr. v. Shalala*, 97 F.3d. 1261 (9th Cir. 1996).

12.     Courts have continued to recognize the Defendant's hostility and unreasonable handling of DSH issues in the new millennium. *Clark Reg'l Med. Ctr. v. United States Dep't of Human Servs.*, 314 F.3d 241, 249 (6th Cir. 2002), (noting the "Department's history of hostility to the concept of DSH adjustment" and admonishing the Defendant for trying to "simply interpret the [DSH] regulation so as to always disadvantage the subject hospital"); *Portland Adventist Med Ctr. v. Thompson*, 399 F.3d 1091, 1099 (9th Cir. 2005) (finding that "this appears to be the latest in a series of cases in which the Secretary has refused to implement the DSH provision in conformity with the intent behind the statute"); *Alhambra Hospital v. Thompson*, 259 F.3d 1071, 1076 (note 4) (9th Cir. 2001) (favorably quoting from *Jewish Hospital* in regards to the "credible and convincing evidence of Secretarial hostility to the concept of disproportionate share adjustment"). As recently as June of 2007 this court, favorably citing the *Jewish Hospital* and *Cabell Huntington Hospital* and *Portland Adventist* line of cases, described the Secretary's arguments against counting all days for patients "eligible for medical assistance under a State [Medicaid] plan" in the numerator of the Medicaid Fraction of the DSH formula as

4

"unpersuasive" because it conflicted with that which "statutory formula unambiguously directs." In addition, this court again acknowledged the pattern of CMS non-compliance with the DSH statute noting that this "is not the first time that federal courts have addressed the Secretary's interpretation of the numerator." *Adena Regional Medical Center, et al., v. Leavitt*, Civil Action No. 05-02422 (LFO) (D.D.C. June 11, 2007).[1]

## DETERMINATION OF DHS ELIGIBILITY AND PAYMENT

13. To be eligible for DSH payment hospitals, in most cases, must meet a "disproportionate patient percentage" as defined by the Medicare statute. 42 U.S.C. § 1395ww(d)(5)(F)(v).

14. The "disproportionate patient percentage" is determined by summing two statutorily defined fractions commonly called the "Medicare Fraction" and the "Medicaid Fraction."

15. The "Medicaid Fraction" (expressed as a percentage) comprises a numerator which is the total inpatient days for a cost reporting period attributable to patients "eligible for assistance" under a State Medicaid plan during their inpatient care divided by a denominator which the total number of hospital inpatient days for the relevant cost reporting period. 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II). The Plaintiff's Medicaid Fraction is not in dispute in this case.

16. The Medicare Fraction (also expressed as a percentage) comprises a numerator which is the number of inpatient days made up of patients who were entitled to benefits under Part A of the Medicare statute and were entitled to supplemental security benefits (SSI) under the

---

[1] The Government has appealed the District Court's decision in *Adena Regional Medical Center* and the matter is currently pending before the D.C. Circuit Court.

Social Security Act ("SSI Days"), divided by a denominator that is the total number of inpatient hospitals days for patients eligible for benefits under Medicare Part A. 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I).

17.     The dispute in this case centers on the numerator of the Medicare Fraction, and in particular, the determination of "SSI Days" as defined above. The Plaintiff asserts the Defendant has provided figures for SSI Days that are inaccurate and understate the numerator of Medicare Fraction thereby decreasing Plaintiff's reimbursement under the DSH program.

18.     Unlike other variables in the DSH formula, hospitals do not determine their SSI Days for purposes of inclusion in the numerator of the Medicare Fraction. Rather, CMS determines the number of SSI days and hospitals are required to use the CMS number when completing their cost reports. 42 C.F.R. § 412.106(b).

## FACTS ALLEGED

19.     The Hospital community began uncovering evidence that the SSI Days figures provided by CMS were inaccurate and understated the SSI Days for the numerator of the Medicare Fraction.

20.     In the case of *Baystate v Medical Center (Springfield, Mass) v. Mutual of Omaha Insurance Co.*, PRRB Dec. No. 2006-D20 (March 17, 2006) ("Baystate") the Provider Reimbursement Review Board, after a lengthy discovery process and evidentiary hearing, released a decision detailing numerous methodological failures leading to systemic under statement of SSI Days for the Medicare Fraction.[2]

---

[2] The Administrator reversed the Board's determination and Baystate Medical Center exercised its right of judicial review. The case is currently pending before the Honorable John D. Bates as Case No. 1:07-cv-01263-JDB in the District Court of the District of Columbia.

21. Saint Mary's Mercy Medical Center undertook a review of its SSI percentage of the Medicare Fraction for its cost reporting years 2000 and 2001.

22. The Provider's review compared data available from CMS in the Medicare Provider Analysis and Review (MEDPAR) file to records maintained by the Michigan Medicaid program that match SSI eligibility information for Michigan maintained by the Social Security Administration.

23. The Provider's review identified 218 additional SSI eligible days for the Hospital's cost reporting year ending June 30, 2000 and 267 additional SSI eligible days for the cost reporting year ending June 30, 2001.

24. After completing this review in January 2006, Saint Mary's Mercy Medical Center submitted the information to its fiscal intermediary, United Government Services which forwarded the data to CMS.

25. In response to this superior data, CMS made only a limited adjustment for the cost reporting year ending June 30, 2001 by updating the Hospital's data run for that year, and made no adjustment for the cost reporting year ending June 30, 2000 at all.

26. Saint Mary's Mercy Medical Center timely filed an appeal with the PRRB alleging that its Medicare Fraction, and accordingly its DSH payments for cost report years June 30, 2000 and June 30, 2001, were understated.

27. On August 24, 2007 the PRRB issued a decision fully favorable to Saint Mary's Mercy Medical Center. PRRB Dec. No. 2007-D-63.

28. The Board's Decision determined that the "Provider has demonstrated" that the 218 additional SSI Days for its Fiscal Year End June 30, 2000 and 267 additional SSI days for fiscal year end June 30, 2001 "should have been included in its SSI percentage." The Board

ordered the case be "remanded to the Intermediary to recalculate the Provider's DSH percentage consistent with this decision."

29. On October 24, 2007, Deputy CMS Administrator Herb Kuhn unilaterally reversed the Board's determination.

30. The Administrator's reversal constitutes a final agency review that exhausts administrative remedies and allows for judicial review of this matter pursuant to 42 U.S.C. § 1395oo(f).

31. Saint Mary's Mercy Medical Center has timely filed this action with the court and is entitled to judicial review.

32. The Defendant's decision attempts to improperly sustain understatements of the SSI Factor Days of the Medicare Fraction by 218 for the Hospital's Cost Reporting Year ending June 30, 2000 and by 267 for the Hospital's Cost Reporting year ending June 30, 2001.

33. This understatement of SSI Days caused approximately $379,557 in DSH underpayments to Saint Mary's Mercy Medical Center that the Hospital is entitled to as a matter of law.

34. The Administrator's Decision is in error and should be reversed by this Court with a remand to the agency to properly recalculate the DSH payments to reflect the additional SSI Days for the Medicare Fraction of 218 for the Hospital's Cost Reporting Year ending June 30, 2000 and 267 for the Hospital's Cost Reporting year ending June 30, 2001 with appropriate adjusted DSH payments for those cost reporting years.

**ERRORS BY THE AGENCIES**

35. The decision of the CMS Administrator on this matter is arbitrary and capricious and not in accordance with established law.

36. The decision of the CMS Administrator on this matter is arbitrary and capricious and contrary to the letter and/or intent of the Medicare Act as established by Congress to adequately compensate hospitals for the additional costs of treating a disproportionate share of low income patients.

37. The decision of the CMS Administrator constitutes an abuse of discretion.

38. The arbitrary and capricious actions of the Agency violate the Hospitals' rights to due process of law under the 5th and 14th Amendments of the United States Constitution.

39. The Administrator's Decision reflects a policy or rule that substantially impacts the affected parties and requires notice and comment procedures mandated by 5 U.S.C. § 553 (the Administrative Procedures Acts or "APA") to have any authority or force. The policy or rule reflected in the Administrator's Decision was not established through the notice and comment procedures mandated by the APA and, therefore, is null and void.

40. Having taken the sole responsibility to determine the SSI Factor for hospitals, the agency had a duty to do so accurately. The agency did not determine the SSI Factor accurately and instead used approaches that systemically understated the SSI Factor.

WHEREFORE, the Plaintiff Saint Mary's Mercy Medical Center, prays as follows:

A. For an Opinion and Order of the Court finding that CMS and the Intermediary erred in understating the Plaintiff's SSI Factor Days of the Medicare Fraction by 218 for the Hospital's Cost Reporting Year ending June 30, 2000 and by 267 for the Hospital's Cost Reporting year ending June 30, 2001.

B. For an Opinion and Order reversing the Decision of the CMS Administrator and reinstating the Decision of the PRRB.

C. For an Order and Opinion requiring payment to the Hospitals of all funds, including interest due.

D. For all costs and attorney fees.

E. For any and all other relief to which Plaintiff is entitled or as demanded by equity.

Respectfully submitted,

CROWELL & MORING LLP

By: /s/ Michael L. Martinez
Michael L. Martinez, Bar #347310
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Ph: 202-624-2945
Fax: 202-628-5116

OF COUNSEL
HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
N. Kent Smith, Attorney No. 1777-49
Keith D. Barber, Attorney No. 19052-49
Suite 2000, Box 82064, One American Square
Indianapolis, IN 46282
(317) 633-4884
*Attorneys for the Plaintiff*

December 26, 2007

4804966

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS
Trinity Health-Michigan d/b/a Saint Mary's Mercy Medical Center

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
U.S. Dept. of Health and Human Services
Michael Leavitt, Secretary
Room 700-E, 200 Independence Ave., S.W.
Washington, DC 20201

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
N. Kent Smith and Keith D. Barber; Hall Render Killian Heath & Lyman, P.C., Suite 2000, Box 82064, One American Square, Indianapolis, IN 46282; (317) 633-4884

### ATTORNEYS (IF KNOWN)
Michael B. Mukasey, Office of the Attorney General
1350 Pennsylvania Ave., NW, Suite 409
Washington, DC 20004; (202) 727-3400

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**
☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☒ C. Administrative Agency Review**
☒ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other)   OR   ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. § 1395. Judicial review of an administrative reimbursement decision under the Medicare law.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐   DEMAND $   Check YES only if demanded in complaint
JURY DEMAND:  ☐ YES   ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

DATE    SIGNATURE OF ATTORNEY OF RECORD   *[signatures]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

    VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.