## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRINITY HEALTH-MICHIGAN, d/b/a<br>SAINT MARY'S MERCY MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL O. LEAVITT, Secretary,<br>U.S. Department of Health and Human Services,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:07CV02318 (JR)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant, Michael O. Leavitt, the Secretary of Health and Human Services ("Secretary" or "Defendant"), by and through his undersigned counsel, answers Plaintiff's Complaint for Judicial Review of Medicare Reimbursement Dispute ("Complaint") as follows:

### FIRST DEFENSE

Plaintiff's claims in this action arise solely under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395hhh ("the Medicare statute"), and the Court's subject matter jurisdiction is limited to review of any final agency decision that is within the scope of 42 U.S.C. § 1395oo(f)(1).

### SECOND DEFENSE

Plaintiff cannot satisfy the requirements for relief under the federal mandamus statute, 28 U.S.C. § 1361.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

FOURTH DEFENSE

Answering specifically each paragraph of the Complaint, and using the same numbering contained in the Complaint, Defendant pleads as follows:

1. Admits that Saint Mary's Mercy Medical Center is a not-for-profit, acute care hospital located in Grand Rapids, Michigan that has been assigned Medicare Provider Number 23-0059, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph; to the extent a response to the remaining allegations in this paragraph is deemed necessary, denies.

2-3. Denies, except to admit that the Secretary, who is principally responsible for administration of the Medicare program, has delegated considerable authority for program administration to the Administrator of the Centers for Medicare & Medicaid Services ("CMS"). By way of further answer, Defendant avers that on June 29, 2001, the Secretary changed the name of the Health Care Financing Administration ("HCFA") to CMS.  66 Fed. Reg. 35437 (July 5, 2001).

4. The first and third sentences of this paragraph contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. § 1395h and 42 C.F.R. §§ 421.1-421.128 for a full and accurate description of the role of the Medicare fiscal intermediaries in the provider reimbursement process.  Admits the second sentence.

5. This paragraph contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. § 1395oo and 42 C.F.R. Part 405, Subpart R for a full

and accurate description of the exclusive process for administrative and judicial review of Medicare provider reimbursement disputes.

6. Admits the first sentence of this paragraph. Denies the second sentence, except to admit that Plaintiff's claims in this action arise solely under the Medicare statute, and that the Court's subject matter jurisdiction is limited to review of any final agency decision that is within the scope of 42 U.S.C. § 1395oo(f)(1).

7. This paragraph contains a conclusion of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

8-14. These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to, first, the cited provisions of the Medicare statute and 42 C.F.R. Part 412 for a full and accurate description of the prospective payment system ("PPS") for covered inpatient hospital services and the payment adjustment for those PPS hospitals that serve a significantly disproportionate share ("DSH") of low income patients ("DSH payment adjustment"), and, second, to the cited judicial decisions for a full and accurate statement of their contents.[1]

15. The first sentence of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The

---

[1] In footnote 1 to paragraph 12 of the Complaint, Plaintiff alleges that the Secretary has appealed this Court's decision in Adena Regional Medical Center v. Leavitt, No. 05-cv-02422 (LFO) (D.D.C. June 11, 2007). By way of further answer to footnote 1 of the Complaint, Defendant avers that the D.C. Circuit recently reversed the Adena decision and ruled for the Secretary in that case. See Adena Reg'l Med. Ctr., et al. v. Leavitt, No. 07-5273 (D.C. Cir. May 30, 2008).

Secretary respectfully refers the Court to the cited provisions of the Medicare statute and 42 C.F.R. § 412.106(b)(4) for a full and accurate description of the "Medicaid fraction" component of the Medicare DSH payment adjustment. Admits the second sentence.

16. This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the cited provisions of the Medicare statute and 42 C.F.R. § 412.106(b)(2) & (3) for a full and accurate description of the "Medicare fraction" component of the Medicare DSH payment adjustment.

17. This paragraph contains Plaintiff's characterizations of this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

18. Denies the first sentence of this paragraph. The second sentence contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I) and 42 C.F.R. § 412.106(b)(2) & (3) for a full and accurate description of the "Medicare fraction" component of the Medicare DSH payment adjustment.

19. Denies.

20. The non-footnote text of this paragraph contains Plaintiff's characterization of an interim decision by the Provider Reimbursement Review Board ("PRRB" or "Board") in another case, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the cited interim PRRB decision for a full and accurate statement of its contents. Admits footnote 2 of this paragraph.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph; to the extent a response to those allegations is deemed necessary, denies.

22-23.  These paragraphs contain Plaintiff's characterization of two reports prepared by a private entity, Health Care Consulting, related to Plaintiff's fiscal years ending 5/30/2000 and 5/30/2001, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the two reports, (see Administrative Record ("A.R.") 1113-368 and 2145-467, respectively), which is the best evidence of the contents of the two reports, for a full and accurate statement of their contents.

24.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; to the extent a response to those allegations is deemed necessary, denies.

25.  This paragraph contains Plaintiff's characterization of a letter dated June 6, 2006 from CMS to the Medicare fiscal intermediary, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of CMS's June 6, 2006 letter to the fiscal intermediary, (see A.R. 2619), which is the best evidence of the letter's contents, for a full and accurate statement of its contents.

26.  Admits.

27-28.  These paragraphs contain Plaintiff's characterization of the August 24, 2007 interim decision of the PRRB in Plaintiff's administrative appeal, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary

respectfully refers the Court to the full text of the PRRB's August 24, 2007 interim decision, (see A.R. 33-41), which is the best evidence of the interim decision's contents, for a full and accurate statement of its contents.

29.  This paragraph contains Plaintiff's characterization of the October 22, 2007 final decision of the Deputy Administrator of CMS in Plaintiff's administrative appeal, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the CMS Deputy Administrator's October 22, 2007 final decision, (see A.R. 2-13), which is the best evidence of the final decision's contents, for a full and accurate statement of its contents.

30-31.  These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. § 1395oo and 42 C.F.R. Part 405, Subpart R for a full and accurate description of the exclusive process for administrative and judicial review of Medicare provider reimbursement disputes.

32-40.  Denies.

The remainder of Plaintiff's Complaint contains its prayer for relief, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

Except to the extent expressly admitted or qualified above, the Secretary denies each and every allegation in the Complaint.

The Secretary respectfully requests that the Court enter judgment affirming the validity of the challenged agency actions, dismissing the Complaint and this action with prejudice, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary is filing separately the certified nine-volume administrative record for this action.

                                          Respectfully submitted,

                                              /s/
                                        JEFFREY A. TAYLOR
                                        D.C. Bar No. 498610
                                        United States Attorney

                                              /s/
                                        CHRISTOPHER B. HARWOOD
                                        N.Y. Reg. No. 4202982
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        Civil Division
                                        555 Fourth Street, NW
                                        Washington, DC 20530
                                        (202) 307-0372

                                            /s/
                                        ROBERT W. BALDERSTON
                                        U.S. Department of Health and Human Services
                                        Office of the General Counsel
                                        Centers for Medicare and Medicaid
                                            Services Division
                                        330 Independence Ave., S.W.
                                        Washington, D.C. 20201
                                        (202) 619-3601